

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-26-00143-CV

IN RE KATHLEEN LYNN VANDEVER, RELATOR

ORIGINAL PROCEEDING

March 3, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Kathleen Lynn Vandever, proceeding pro se, filed a petition in this Court seeking issuance of a writ of habeas corpus ordering Deborah Wilkinson to return S.V.V., a minor child, to her or, alternatively, a writ of attachment directing a sheriff or constable to take possession of the child and deliver the child to her. Because this Court lacks jurisdiction to grant the requested relief, we dismiss this original proceeding.

Vandever previously appealed from a *Default Order in Suit Affecting the Parent-Child Relationship* issued by the 360th Judicial District Court of Tarrant County. That order appoints Deborah Wilkinson as sole managing conservator of S.V.V. and appoints Vandever as possessory conservator. The appeal was originally filed in the Second Court

of Appeals but was subsequently transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts, where it remains pending. *See* TEX. GOV'T CODE § 73.001.

In the present original proceeding, Vandever seeks relief under Section 157.371(a) of the Family Code which permits a person to file a petition for writ of habeas corpus "in either the court of continuing, exclusive jurisdiction or in a court with jurisdiction to issue a writ of habeas corpus in the county in which the child is found." This Court falls within neither of the categories of courts authorized by the statute to grant such relief.

The 360th District Court of Tarrant County has rendered a final order in connection with S.V.V. Accordingly, it retains continuing, exclusive jurisdiction over the matters affecting the parent-child relationship. *See* TEX. FAMILY CODE §§ 155.001(a), 155.002. Further, nothing in the petition alleges that the child is located or restrained in a county within the Seventh Court of Appeals District. *See* TEX. GOV'T CODE § 22.201(h) (identifying the counties comprising the Seventh Court of Appeals District). The petition instead situates the child in Tarrant County, which is within the Second Court of Appeals District. *See* TEX. GOV'T CODE § 22.201(c).

Our jurisdiction to issue writs is further governed by Section 22.221 of the Government Code. Under that provision, appellate courts may issue (1) "writs necessary to enforce the jurisdiction of the court," and (2) writs of habeas corpus in the "court of appeals district in which a person is restrained in his liberty . . . when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made,

2

rendered, or entered by the court or judge in a civil case."  *See* TEX. GOV'T CODE § 22.221(a), (d).  Vandever has not demonstrated that a writ of habeas corpus is necessary to protect or enforce our jurisdiction.  Nor does she allege that S.V.V. is restrained within this Court's territorial jurisdiction under circumstances that would invoke our habeas authority under section 22.221.  *See* TEX. GOV'T CODE § 22.201(h).  Absent such a showing, this Court lacks jurisdiction to grant the requested relief.

Accordingly, Vandever's petition for writ of habeas corpus or writ of attachment is dismissed for want of jurisdiction.[1]

Per Curiam

---

[1] Vandever may be able to seek relief under Family Code 157.371(a) by filing an application for writ of habeas corpus with the trial court or the Second Court of Appeals.